UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY JO ANDERSON,

    Plaintiff,

    v.      Case No. 15-C-574

BARD PERIPHERAL VASCULAR INC., et al.,

    Defendants.

## DECISION AND ORDER

Plaintiff Mary Jo Anderson brought this action against Defendants Bard Peripheral Vascular Inc. and CR Bard Inc., alleging that she was injured by a defective medical device manufactured and sold by Defendants. This matter comes before the Court on the parties' motions to seal. In this district, a "sealed document" is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the Court. A document restricted to case participants allows all attorneys of record to view the document but not the general public. *See E-Filing Restricted and Sealed Documents*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN (Apr. 2019), *available at* https://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents. A review of the parties' motions reveals that the parties are seeking protection from public disclosure, rather than requesting that the documents only be viewed by the judge. Therefore, the Court will construe the parties' motions as motions to restrict.

Under Federal Rule of Civil Procedure 5.2(e), the Court may, for good cause, restrict access to court filings. The mere fact that the parties agreed to file a document restricted, however, is not sufficient to establish the good cause necessary to maintain such filings as restricted. *See Union*

*Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000). "What happens in the federal courts is presumptively open to public scrutiny." *Hicklin Eng'g L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002); *see also* Gen. L.R. 79(d)(3) ("Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public.

A motion to restrict "should be limited to that portion of the material necessary to protect the movant from harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Comment to Gen. L.R. 79 (E.D. Wis.). To the extent possible, the movant should file a version of the document or material that redacts only those portions of the document that are subject to the sealing requirement. Gen. L.R. 79(d)(2). With these standards in mind, the Court turns to the parties' motions.

**A. Defendants' Motions to Seal**

Defendants seek to restrict access to certain exhibits attached in support of their statement of material facts in support of their motion for summary judgment and in support of their motion to strike generic, non-case specific opinions of Dr. Robert Allen. These exhibits include the declaration of John D. Van Vleet in support of Defendants' motion for summary judgment regarding preemption filed in the *In re Bard IVC Filters Products Liability Litigation*, No. 2:15-MD-02641-DGC, selected medical records of Plaintiff, excerpts from the March 31, 2020 deposition of Plaintiff, excerpts from the May 22, 2020 deposition of Dr. Andres Garza-Berlanga,

excerpts from the September 17, 2020 deposition of Dr. Robert Allen, Plaintiff's fact sheet, excerpts from the May 22, 2020 deposition of Plaintiff, Dr. Robert Allen's May 26, 2020 Medicolegal Expert Report, Dr. Darren Hurst's February 28, 2020 Expert Report, Dr. S. Parisian's March 3, 2017 Expert Report, excerpts from the January 8, 2020 Video Deposition of Robert M. McMeeking, and excerpts from Dr. Robert M. McMeeking's May 11, 2017 Rebuttal Report.

Defendants maintain that the declaration of John D. Van Vleet should be restricted to case participants because it was filed under seal and in redacted form in the *In re Bard IVC Filters Products Liability Litigation*, No. 2:15-MD-02641-DGC. Defendants assert that the declaration contains pieces of highly competitive, confidential, and proprietary information that warrants protection because that information is not made public by Bard and, if obtained by Bard's competitors, could give an unfair economic advantage to its competitors. They maintain that the redacted version filed in the multidistrict litigation court was limited to Bard's trade secrets and confidential commercial information. Defendants have also filed a redacted version of the declaration in this Court. Defendants have established good cause to restrict access to this document.

Defendants also assert that the remaining exhibits contain Plaintiff's personal healthcare information that is protected under HIPAA and confidential under the Stipulated Protective Order as well as confidential and propriety business information. With respect to exhibits that contain Plaintiff's medical information, Plaintiff placed her medical history at issue when she filed this suit. The parties cite no legal authority suggesting that "a person who chooses to use the public courts to litigate a claim relating to her health is entitled to shield her health information from public review." *Henley v. C.R. Bard, Inc.*, No. 14-C-59, 2019 WL 6529433, at *6 (E.D. Wis. Dec. 4, 2019). As to the exhibits that contain confidential and proprietary business information, Defendants do not explain what the "business information" is or why it is confidential or

3

proprietary.  Moreover, a motion to restrict "should be limited to that portion of the material necessary to protect the movant from harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document."  Comment to Gen. L.R. 79 (E.D. Wis.).  Defendants have offered no reason why it is not possible to redact the confidential information contained in these exhibits.  Without any explanation as to why Defendants have not filed redacted versions of these documents, the Court is unable to find the good cause necessary to restrict them.

Therefore, Defendants' motion to seal certain exhibits attached to the statement of material facts (Dkt. No. 36) is partially granted.  The motion is granted with respect to the declaration of John D. Van Vleet but denied without prejudice in all other respects.  Defendants' motion to seal certain exhibits attached to Defendants' motion to strike (Dkt. No. 46) is denied without prejudice.

One final matter warrants comment.  When Defendants filed their restricted exhibits, rather than clearly describe the attachments in the docket text, Defendants titled the documents "restricted."  Even if the documents are ultimately found to warrant restricted access, the labels of these documents on the docket do not.  Defendants are directed to contact the Clerk to modify the docket text of the attachments labeled "restricted" to ensure that the docket text accurately reflects the description of the exhibit.  *See Preferred Procedures and General Information for Litigants Appearing Before Judge William C. Griesbach*,  UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN, *available at* https://www.wied.uscourts.gov/judges/william-c-griesbach (last visited Jan. 11, 2021) ("When e-filing motions and briefs, care should be taken to . . . properly name attachments.  Instead of Attachments 1, 2 and 3, list the names of each document.").  This will aid the Court in efficiently locating the documents Defendants cite when reviewing Defendants' motions.

4

**B. Plaintiff's Motion to Seal**

Plaintiff seeks to file her response and memorandum of law in opposition to Defendants' motion for summary judgment, her statement of facts with exhibits, and Plaintiff's controverting statement of facts. She asserts that these documents contain certain medical information, trade secrets, and confidential information that is protected under the Stipulated Protective Order. As an initial matter, Plaintiff has not established good cause for restricting her response brief, statement of fact, and controverting statement of fact. Entire pleadings and briefs should not be sealed absent unusual circumstances. *See Union Oil*, 220 F.3d at 567. Plaintiff has not explained why it is not possible to redact the confidential information contained in these filings. Accordingly, these filings will not be restricted.

Plaintiff has also failed to establish good cause to restrict the exhibits attached to these filings. Plaintiff's motion to restrict is grossly overbroad. The motion does not identify the exhibits Plaintiff wishes to restrict or explain why each exhibit warrants restriction. Plaintiff even acknowledges that "some of the Bard documents may no longer be confidential but has not made such a determination at this point." Dkt. No. 54 at 2. Plaintiff's general assertions that the exhibits contain medical information, trade secrets, and confidential information are insufficient to establish good cause to restrict access to these documents. Accordingly, Plaintiff's motion to restrict is denied without prejudice.

The Court also notes that, although Plaintiff's counsel received direction from the Clerk on how to properly file her exhibits, the way Plaintiff ultimately filed them is confusing. Along with her response to Defendants' motion for summary judgment, Plaintiff filed an appendix of her exhibits. Dkt. No. 57. The appendix contains three attachments: (1) "Exhibits 1–10," comprised of 311 pages; (2) "Exhibits 11–25," comprised of 120 pages; and "Exhibits 26–58," comprised of 762 pages. *Id.* Rather than file the exhibits she sought to restrict public access to as a restricted

5

document attached to the Appendix, Plaintiff created a placeholder for the exhibit.  *See, e.g.*, Dkt. No. 57-1 at 111 ("Exhibit 6 Filed Under Seal.").  Plaintiff then filed a separate document, entitled "Proposed Sealed Exhibits to ECF #57 Response," in which she attaches the seventeen exhibits she requests be restricted from public access.  Dkt. No. 58.  Because Plaintiff filed a motion to seal, this document and its attachments are sealed and only viewable by permission of the Court.  Each attachment is called "Exhibit," and the exhibits are not filed in sequential order. Attachment One is "Exhibit 6;" Dkt. No. 58-1; Attachment Two is "Exhibit 8," Dkt. No. 58-2; Attachment Three is "Exhibit 13," Dkt. No. 58-3; and so on.

"Judges are not like pigs, hunting for truffles buried in the record."  *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) (internal quotation marks and citations omitted).  Given the volume of paper that has been filed in this case, it would be unfair to require the Court to look in two different places to find the documents Plaintiff cites when considering Defendants' motions.  To ensure a clean record and eliminate any confusion created by the exhibits being in two separate locations, the Court will strike Docket Numbers 57 and 58 but will grant Plaintiff leave to refile her Appendix.  Each exhibit should be filed as a separate attachment and the docket text for each attachment should accurately reflect the description of the exhibit.  *See ECF User Manual*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN, *available at* https://www.wied.uscourts.gov/e-filing/ecf-user-manual (last visited Jan. 11, 2021) ("Exhibits should be attached individually to the main document (e.g. Exhibit A, Exhibit B, etc. and not Exhibits A-F."); *Preferred Procedures and General Information for Litigants Appearing Before Judge William C. Griesbach*, *supra*.  Again, this will aid the Court and the parties in efficiently locating the documents Plaintiff cites.

**IT IS THEREFORE ORDERED** that Defendants' motion to seal certain exhibits attached to the statement of material facts (Dkt. No. 36) is **GRANTED-IN-PART** and **DENIED-**

6

**IN-PART**. The motion is granted with respect to the declaration of John D. Van Vleet but denied without prejudice in all other respects. Defendants' motion to seal certain exhibits attached to Defendants' motion to strike (Dkt. No. 46) and Plaintiff's motion to seal (Dkt. No. 54) are **DENIED without prejudice**. The currently restricted documents will remain restricted until **January 25, 2021**. On or before that date, the party who has designated the document as confidential must provide the Court with good cause to restrict access of the document to case participants. Failure to do so will result in the restricted designation being removed from those documents. In the event the parties seek to file redacted versions of the documents, the parties are directed to contact the Clerk to add the redacted version to the docket. To the extent redactions are only necessary to redact birthdates or Social Security Numbers, a separate unredacted version of the document is not required to be filed with the Court.

**IT IS FURTHER ORDERED** that Defendants contact the Clerk to modify the docket text of any attachment labeled "restricted" (Dkt. Nos. 35-3 through 35-9 & 35-26; Dkt. Nos. 45-1, 45-5, 45-9, 45-11, & 45-12) to accurately reflect the description of the exhibit.

**IT IS FURTHER ORDERED** that Plaintiff's Appendix in support of her response brief (Dkt. No. 57) and proposed sealed exhibits to ECF #57 (Dkt. No. 58) are **STRICKEN**. Plaintiff may file a single document that contains all exhibits. Each exhibit should be filed as a separate attachment and the docket text for each attachment should accurately reflect the description of the exhibit.

Dated at Green Bay, Wisconsin this 11th day of January, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge