UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARY JO ANDERSON,

        Plaintiff,

        v.         Case No. 15-C-574

BARD PERIPHERAL VASCULAR Inc.,
and C.R. BARD, Inc.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Mary Jo Anderson brought this action against Defendants Bard Peripheral Vascular, Inc., and C.R. Bard, Inc., claiming ongoing physical, emotional, and economic harm from a faulty implant of a Bard Meridian inferior vena cava (IVC) filter she received after sustaining injuries in a car accident in Texas. After Anderson filed her complaint, the case was transferred to the United States District Court for the District of Arizona for consolidated pretrial proceedings. Those proceedings concluded, and the case was then transferred back to this Court. This matter is currently before the Court on Defendants' amended motion to seal (Dkt. No. 65) and Plaintiff's motion to seal (Dkt. No. 68). For the following reasons, Defendants' motion will be granted, and Plaintiff's motion will be granted-in-part.

      As an initial matter, it appears that the parties seek to restrict the documents rather than to seal them. In this district, a "sealed document" is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the Court. A document restricted to case participants allows all attorneys of record to view the document but not the general public. *See E-Filing Restricted and Sealed Documents*, UNITED STATES DISTRICT

COURT EASTERN DISTRICT OF WISCONSIN (last visited Sept. 30, 2021), *available at* https://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents. Upon review, these motions appear to seek protection from public disclosure, rather than request the documents only be viewed by the judge. Therefore, the Court will construe the parties' motions as motions to restrict.

Documents should only be restricted for good cause. Gen. L.R. 79(d)(3). General Local Rule 79(d)(2) requires movants, to the extent possible, to "include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Any "motion to seal in accordance with General Local Rule 79(d) should be limited to that portion of the material necessary to protect the movant from the harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Gen. L.R. 79, Committee Comment.

Defendants seek to restrict the following: the selected medical records of Mary Jo Anderson (Dkt. No. 35-3); excerpts from the deposition of Mary Jo Anderson dated March 31, 2020 (Dkt. No. 35-4); and the plaintiff fact sheet of Mary Jo Anderson (Dkt. No. 35-8). Because Defendants have provided redacted versions of these documents, the Court will restrict the unredacted versions, and Defendants' motion will be granted.

Plaintiff seeks to restrict the following: the expert report of Suzanne Parisian (Dkt. No. 66-6); the rebuttal report of Dr. McMeeking dated May 11, 2017 (Dkt. No. 66-9); the McMeeking MDL report dated May 11, 2017 (Dkt. No. 66-10); the McMeeking MDL Supplemental Report (Dkt. No. 66-11); the Simon Nitinol Filter/Straight Line Technical File (Dkt. No. 66-16); the deposition of Donna B. Tillman dated June 12, 2014 (Dkt. No. 66-21); the Caudal Migration

Resistance Data Sheet (Dkt. No. 66-45); the expert report of David A. Kessler dated September 26, 2016 (Dkt. No. 66-47); and the second supplemental report of David A. Kessler dated July 15, 2017 (Dkt. No. 66-48). With respect to the Simon Nitinol Filter/Straight Line Technical File and the Caudal Migration Resistance Data Sheet (Dkt. Nos. 66-16 and 66-45) the Court will grant Plaintiff's motion. However, with respect to the remaining documents, the Court will deny the motion. General Local Rule 79(d)(2) requires movants, to the extent possible, to "include with the public filing a version of the document or material that redacts only those portions of the document that are subject to the restriction/sealing request." Plaintiff has not explained why it would be impossible to redact the remaining documents, and without an explanation, the Court is unable to find the good cause necessary to restrict them. However, the Court will give Plaintiff 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d).

**IT IS THEREFORE ORDERED** that Defendants' amended motion to seal (Dkt. No. 65) is **GRANTED**. The selected medical records of Mary Jo Anderson (Dkt. No. 35-3); excerpts from the deposition of Mary Jo Anderson dated March 31, 2020 (Dkt. No. 35-4); and the plaintiff fact sheet of Mary Jo Anderson (Dkt. No. 35-8) will remain restricted.

**IT IS FURTHER ORDERED** that Plaintiff's motion to seal (Dkt. No. 68) is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is granted with respect to the Simon Nitinol Filter/Straight Line Technical File (Dkt. No. 66-16) and the Caudal Migration Resistance Data Sheet (Dkt. No. 66-45). The motion is denied with respect to the expert report of Suzanne Parisian (Dkt. No. 66-6); the rebuttal report of Dr. McMeeking dated May 11, 2017 (Dkt. No. 66-9); the McMeeking MDL report dated May 11, 2017 (Dkt. No. 66-10); the McMeeking MDL Supplemental Report (Dkt. No. 66-11); the deposition of Donna B. Tillman dated June 12, 2014

(Dkt. No. 66-21); the expert report of David A. Kessler dated September 26, 2016 (Dkt. No. 66-47); and the second supplemental report of David A. Kessler dated July 15, 2017 (Dkt. No. 66-48). Plaintiff has 14 days from the date of this order to file redacted versions of the remaining documents identified above and to provide further support for restriction in accordance with General Local Rule 79(d). If Plaintiff does not timely respond, the documents will be unrestricted.

Dated at Green Bay, Wisconsin this 30th day of September, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge